Elizabeth W. Lund
Berg Lilly, PC
One West Main Street
Bozeman, Montana 59715-4642
406-587-3181
406-587-3240 (Facsimile)
lund@berglawfirm.com
  *Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, | Cause No. CV-24-55-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| JACK WICKS individually and as a Director of Wicks Ranch Corp, and WICKS RANCH CORP. | |
| Defendants. | |

For its Complaint for Declaratory Judgment, Plaintiff Mountain West Farm Bureau Mutual Insurance Company ("Mountain West") states, avers, and alleges as follows:

## BACKGROUND

1. This is a declaratory judgment action in which Mountain West respectfully requests the Court to declare Mountain West's obligations with respect

1

to certain named Defendants in this action.

2. Mountain West issued a policy of insurance to Wicks Ranch Corp. ("Wicks Ranch"), Policy No. MAG00002972 (the "Policy").

3. A true and correct copy of the Policy is attached as **Exhibit A**.

4. Jack Wicks and Wicks Ranch (collectively "Defendants") have been named as defendants in a lawsuit titled *Lori Martin v. Jack Wicks individually and as a Director of Wicks Ranch Corp. and Wick Ranch Corp.* venued in the Montana Tenth Judicial District Court, Fergus County, as Cause No. DV-14-24-22-DK (the "Underlying Action").

5. A true and correct copy of the Verified Complaint for Declaratory Relief (Interference with Easement), Temporary Restraining Order, and Preliminary Injunction and Requests for Jury Trial ("Complaint") is attached as **Exhibit B**.

6. Lori Martin ("Martin"), has brought claims against the Defendants in the Underlying Action claiming they have interfered with an easement in her favor against property owned by Wicks Ranch.

7. The Defendants have demanded that Mountain West provide them with a defense and indemnification with respect to Martin's claims in the Underlying Action.

8. As set forth below, Mountain West respectfully requests this Court

declare Mountain West's rights and duties with respect to its obligations to the Defendants.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Mountain West has a good faith basis to believe the amount in controversy exceeds $75,000 exclusive of interest and costs because of the nature and extent of the damages Martin has asserted against the Defendants in the Underlying Action and for which Mountain West requests this Court determine Mountain West is not responsible. Further, Mountain West's expenditures on defense fees alone are likely to exceed $75,000 in the Underlying Action.

11. This Court has personal jurisdiction over each of the Defendants because they are citizens of Montana.

12. Venue is proper in this Court pursuant to L.R. 3.2(b)(1)(c) because one or more of the Defendants reside in Fergus County, Montana.

13. Venue in the Great Falls Division is proper because Fergus County is within the Great Falls Division pursuant to L.R. 1.2(c)(3).

//

## PARTIES

14. Mountain West is incorporated under the laws of Wyoming and has a principal place of business in Wyoming. Accordingly, Mountain West qualifies as a citizen of Wyoming.

15. On information and belief, Jack Wicks is a resident of Fergus County and is a citizen of Montana.

16. On information and belief, Defendant Wicks Ranch is incorporated in Montana with its principal place of business located in Montana in Fergus County and therefore similarly qualifies as a citizen of Montana.

17. Thus, Mountain West is diverse from all Defendants for purposes of 28 U.S.C. 1332(a)(1) jurisdiction.

## FACTS

18. Mountain West reincorporates and realleges the allegations contained in the previous paragraphs as though fully realleged and re-set forth herein.

19. Martin filed her claims against Defendants in the Underlying Action on April 22, 2024.

20. Martin claims she is the owner of real property located in Fergus County with the legal description as follows: T16N, R18E, M.P.M. Fergus County, Montana, Section 19: SW1/4NW1/4NW1/4 of Government Lot 2, Deed Reference: Book 187, Page 421 (the "Property").

21. Martin's residence is located on the Property. She claims she has lived there continuously since 2012.

22. Martin claims that she inherited the Property via a beneficiary deed executed by her mother and father, Sandra L. and Jon R. Wicks.

23. Martin asserts that her parents were corporate shareholder/officer/directors in Wicks Ranch. She claims they lived on the Property their entire lives.

24. The access road to Martin's Property crosses over land owned by Wicks Ranch for its entire length (the "Road").

25. Martin alleges her parents moved into the residence now owned by Martin approximately 45 years ago.

26. Martin claims the entire Jon R. and Sandra L. Wicks family used this Road for access to the Property for over 45 years. She claims the Road has been in existence since the early 1900s.

27. Martin claims that there is a prescriptive easement with respect to the Road in her favor across the Wicks Ranch property.

28. Martin also claims that in return for her transfer of some of Wicks Ranch's stock to her daughter, that she was supposed to receive a formal written easement for the Road and that she did not receive that easement. Martin claims that because she did not receive a written easement for the Road as promised, that

she has started the process of regaining ownership in the Wicks Ranch stock.

29. Martin further claims that Wicks has "terrorized" her by yelling at her and being verbally abusive to her.

30. She also claims that Wicks has had the electricity and water shut off to the Property.

31. Martin alleges that Wicks constructed a panel gate across the Road, and she does not have access to the Property.

32. In the Underlying Action, Martin seeks declaratory relief, injunctive relief, a restraining order, and her attorney's fees and costs.

33. Defendants tendered their defense of the claims in the Underlying Action to Mountain West.

34. In response, Mountain West agreed to defend the Defendants pursuant to a full reservation of rights.

35. A true and correct copy of the May 6, 2024 reservation of rights letter sent to the Defendants via their attorney is attached as **Exhibit C**.

36. In the hopes of avoiding having to file this declaratory judgment action, Mountain West also reached out to Defendants' personal counsel regarding the lack of coverage and provided Defendants with an opportunity to withdraw their tender. A true and correct copy of the May 6, 2024 letter providing Defendants with this opportunity is attached as **Exhibit D**.

37. No substantive response to the coverage letters identified in the two preceding paragraphs was received and therefore Mountain West respectfully requests this Court determine that it has no obligation to defend or indemnify the Defendants in the Underlying Action.

### The Terms & Conditions of the Policy & Preclusion of Coverage: Insuring Agreement for Bodily Injury & Property Damage Coverage (Coverage H)

38. Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

39. Coverage H is not triggered because Martin's allegations in the Underlying Action do not qualify as "property damage" or "bodily injury" caused by an "occurrence" as those terms are defined by the Policy.

40. There has been no qualifying "bodily harm, sickness, or disease" asserted by Martin in order to qualify for the definition of "bodily injury" in the Policy. See also *Allstate v. Wagner-Ellsworth*, 2008 MT 240, ¶ 41, 344 Mont. 445, 459, 188 P.3d 104.

41. There has been no qualifying "property damage" because Martin does not assert that any "physical injury to or destruction of tangible property". At most, she speculates that pipes may have broken in her house. However, there is no allegation that there was any actual damage to her property.

42. Even if Martin's claims could qualify as "property damage" or

"bodily injury," they do not qualify as an "occurrence" as that term is defined by the Policy because there has been no "unexpected and unintended accident." Rather, Martin claims all actions in the Underlying Action were intentional in nature. The actions therefore cannot qualify as an "occurrence."

### The Terms & Conditions of the Policy & Preclusion of Coverage Insuring Agreement for Personal and Advertising Injury Coverage (Coverage H)

43. Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

44. The allegations in the Underlying Action against the Defendants do not appear to qualify for the definition of "personal and advertising injury" because (a) Defendants did not allegedly falsely arrest, detain, imprison, or keep Martin against her will; (b) Defendants are not alleged to have maliciously prosecuted Martin; (c) Defendants did not allegedly evict or enter the dwelling, premises or room on the Property; (d) Defendants are not alleged to have made any oral or written publication about Martin; (e) Defendants did not use anyone's advertising ideas; and (f) Defendants are not alleged to have infringed a copyright, trademark, trade dress or slogan belonging to Martin.

45. Even if Martin's allegations qualified as "personal and advertising injury," Martin's claims do not allegedly arise out of personal activities or out of operations usual and incident to "farming."

8

## The Terms & Conditions of the Policy & Preclusion of Coverage: Policy Exclusions Applicable to Coverage H

46.     Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

47.     To the extent that Defendants could qualify for Liability Coverage (either Bodily Injury and Property Damage or Personal and Advertising Injury) under the insuring agreement for Coverage H, exclusions in the Policy for Coverage H preclude any duty on the part of Mountain West to defend or indemnify the Defendants in the Underlying Action.

48.     Exclusion No. 2, the Abuse or Molestation Exclusion at subsection c precludes coverage for any of Martin's claims in which she alleges mental or emotional abuse.  In the Underlying Action, Martin claims that Wicks shouted profanities in her face and was verbally abusive to her.  These allegations are not covered by the Policy because they constitute "physical, mental or emotional abuse of any person," which implicates subsection c of the Abuse or Molestation Exclusion.  There is no coverage for the alleged mental abuse.

49.     There is also no coverage for the claims of emotion abuse against Defendants in the Underlying Action by reason of Exclusion No. 8, the Assault or Battery Exclusion because Martin claims she has been verbal attacked.

50.     There is no coverage for any claims in the Underlying Action arising out of Defendants' alleged breach of the agreement to provide a written easement

9

across the Road by reason of the Breach of Contract Exclusion, Exclusion No. 11.

51. Additionally, there is no coverage for the claims in the underlying action related to the easement dispute by reason of Exclusion No. 25, the Damage to Impaired Property or Property Not Physically Injured Exclusion. The allegations in the Complaint against Defendants include that Defendants did not provide an easement for the Road in exchange for Martin's transferring her shares in Wicks Ranch to her daughter. This qualifies as an alleged delay or failure on Defendants' part to perform a contract or agreement, and implicates subsection a. of the exclusion.

52. Finally, the Expected or Intended Injury Exclusion, Exclusion No. 33, precludes coverage for all allegations in the Underlying Action because all of Defendants' actions were allegedly intentional in nature.

## Count I – Request for Declaratory Relief

53. Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

54. Currently, there is believed to be a dispute between Mountain West and the Defendants regarding their respective rights and duties with respect to the Policy described above.

55. The foregoing disputes entitle Mountain West to a declaration pursuant to 28 U.S.C. § 2201. These disputes include the following:

a.  Whether the Policy provides coverage for the claims asserted by Martin in the Underlying Action.

b.  Whether Mountain West has a duty to defend Defendants in the Underlying Action.

c.  If Mountain West is determined to have a duty to indemnify Defendants in the Underlying Action, which claims is Mountain West obligated to indemnify which of the Defendants for.

d.  For such other issues as may arise in this action or the Underlying Action.

56. Mountain West respectfully requests the Court to determine that it has no duty to defend or indemnify the Defendants in the Underlying Action.

57. Alternatively, to the extent there is determined to be coverage, Mountain West respectfully requests this Court declare which Defendants are entitled to coverage under the Policy and for what claims asserted in the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mountain West requests the following relief:

(1) For a declaration that the Policy does not provide coverage for the claims asserted against Defendants in the Underlying Action.

(2) In the event the Court determines there is no coverage under the

11

Policy for the claims asserted in the Underlying Action, for a declaration that Mountain West is not obligated to defend the Defendants in the Underlying Action.

(3) In the event the Court determines some of the claims are potentially covered by the Policy, for a declaration of which Defendants and which claims Mountain West is required to indemnify the Defendants for in the Underlying Action.

(4) For an award of Mountain West's attorney's fees and costs in this action.

(5) For such other declaratory relief as the Court deems just and equitable under the circumstances.

Dated this 11th day of June, 2024.

                                            BERG LILLY, PC

                                            By /s/ Elizabeth W. Lund
                                                ELIZABETH W. LUND
                                                *Attorney for Plaintiff*